IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| DOUGLAS JOHNSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 7:20-cv-00053-M-BP |
| | § | |
| HERB EASLEY MOTORS, INC., | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

On May 4, 2020, United States District Judge Karen Gren Scholer transferred this *pro se* employment discrimination case to the Wichita Falls Division of the Court. ECF No. 12. The case was automatically referred to the undersigned pursuant to Special Order 3 on May 5, 2020. ECF No. 13. After consideration of the pleadings and the applicable legal authorities, the undersigned **RECOMMENDS** that Chief District Judge Barbara M. G. Lynn **DISMISS** the case without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

By Order dated May 11, 2020, the Court found under 28 U.S.C. § 1915(e)(2)(B) that the Complaint could be served on Defendant. ECF No. 15. The Court ordered plaintiff to complete one blank USM-285 form and two blank summons forms and return the completed forms to the Clerk of Court by June 10, 2020. *Id.* The Court warned Plaintiff that if he failed to comply with the order, the Court may dismiss the case without further notice for failure to prosecute under Federal Rule of Civil Procedure 41(b). Plaintiff did not complete and return the forms by the June 10, 2020 deadline.

By Order dated June 22, 2020, the Court again ordered Plaintiff to complete one blank USM-285 form and two blank summons forms and return the completed forms to the Clerk of

Court. ECF No. 16. The Court extended the deadline for Plaintiff to complete and return the forms to July 6, 2020. *Id.* The Order also contained the following warning in boldface: "If Plaintiff fails to comply with the Court's Order and return the forms to the Clerk of Court by that time, the undersigned will recommend that this case be dismissed for failure to prosecute under Federal Rule of Civil Procedure 41(b)." *Id.* Plaintiff did not complete and return the forms as ordered.

"A district court *sua sponte* may dismiss an action for failure to prosecute or to comply with any court order." *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998) (citing Fed. R. Civ. P. 41(b); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988)). "This authority flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash Railroad Co.*, 370 U.S. 626 (1962)). Such dismissal pursuant to Rule 41(b) may be with or without prejudice. *Long v. Simmons*, 77 F.3d 878, 880 (5th Cir. 1996). However, dismissal with prejudice is an extreme sanction to be used only when the "'plaintiff's conduct has threatened the integrity of the judicial process [in a way which] leav[es] the court no choice but to deny that plaintiff its benefits.'" *McNeal v. Papasan*, 842 F.2d 787, 790 (5th Cir. 1988) (quoting *Rogers v. Kroger Co.*, 669 F.2d 317, 321 (5th Cir. 1982)). "A dismissal with prejudice is appropriate only if the failure to comply with the court order was the result of purposeful delay or contumaciousness and the record reflects that the district court employed lesser sanctions before dismissing the action." *Long*, 77 F.3d at 880.

Plaintiff has been given ample opportunity to complete the blank summons forms and Form 285 in this case. ECF Nos. 15 and 16. Although Plaintiff has failed to comply with the Court's orders requiring him to do so, subjecting his Complaint to dismissal with prejudice under Rule 41(b) is not warranted here. Because Plaintiff has failed to comply with the Court's orders, the

undersigned **RECOMMENDS** that Chief United States District Judge Barbara M. G. Lynn **dismiss** Plaintiff's case **without prejudice** pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute or to comply with court orders.

A copy of this Findings, Conclusions, and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Findings, Conclusions, and Recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

Signed July 14, 2020.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE